Green, J.
delivered the opinion of the court.
This is an action of debt, brought by Ryan, as assignee of Reuben Bartlett, upon a bill single, purporting to have been executed by Turbeville and Darden to the said Bartlett, for two thousand three, hundred and twelve, dollars and seventy-five cents. Darden, one of the defendants, pleaded non est factum to the action, and on the trial proved that himself and Turbeville were partners in trade, and that the bond upon which this suit was brought was executed by Turbeville in the partnership name, and that it was not signed or sealed by him or in his presence. The. plaintiff proved that on the day of the execution of the bond, or the next day, Darden palled upon the payee of the note and told him that he was. *117 then ready to. close the contract and then give his notes for the amount. Bartlett then informed Darden that his . , Turbeville, had given notes signed 1 urbevnle and Darden, with which he expressed himself satisfied; but the bond was not shown to him, nor was he informed that obligations under seal had been executed. The plaintiff further proved that at the time the bond in the pleadings mentioned was executed, the said Turbeville executed one or more similar bonds in the name of Turbeville and Darden, which were paid, both the defendants at different times during the partnership.paying money on said bond. The plaintiff proved by another witness that the bond in the pleadings mentioned vras placed in his hands for collection; that he called upon Darden and told him he wanted him to pay the said note. He said he knew he was bound for said note, but that they had dissolved partnership, and that Turbeville was to pay the debts. Witness did not show the bond to Darden, nor does he know Darden ever saw it; in speaking of the claim he called it a note, and he did not inform Darden that it was under seal. Several credits were endorsed upon the.bond, expressing in general terms that the sums credited were paid by Turbe-ville and Darden. The court charged the jury “.that one partner had not, by virtue of the partnership, power to bind his co-partner by bond, unless such partner had authority under seal to do so; but if they believed from the testimony that defendant, Darden, had paid notes under seal executed at the same time and upon the same consideration to the same parties, and that he had subsequently admitted that he was bound by the note sued on, the court would leave it to the jury to. determine the facts whether any. authority under seal had been given by Darden to Turbeville to bind him by bond at the time of the execution of the specialty sued on; that unless they had positive proof of the existence of such authority at the time of the execution of the bond, or were satisfied from all the facts and-circumstances that such authority did then exist, their verdict should be for the defend-, ant, Darden; but, if they believed that such authority did at the time of the execution of the bond exist, their verdict should be for the plaintiff.” The jury found a verdict for th§ *118 plaintiff', and the defendants, moved for a new trial, which was overruled by the court and mdsment rendered upon this verdict, from which this appeal in error is prosecuted.
No objection is made by the plaintiffs in error to the general doctrine stated by the court in the charge to the jury; but it is insisted his honor erred in assuming “that if Darden had paid notes under seal, executed at the same time, and upon the same consideration to the same parties, and had subsequently admitted that he was bound by the note sued on,” these facts would be evidence from which the jury would be authorized to infer that Turbeville had authority from Dar-den under seal to bind him at the time the bond sued on was executed. We do not think the facts thus stated by the courts authorize the inference which it was indicated the jury might make. None of the facts go so far as to assume that subsequent acts of ratification constitute evidence that the deed was executed by virtue of a written authority under seal existing at the time. If the existence of such authority be necessary, its production could not be dispensed with unless it were shown to have been lost or destroyed, or otherwise beyond the power and control of the party desiring to prove its contents. I Starkie, 436. There can be no reason why this general rule of evidence in relation to written instruments should be dispensed with in this case. Parol proof therefore that T.urbeville had authority under seal to bind his co-partner would have been inadmissible, much less could evidence of the manner in which Darden had acted in reference to other contracts of a similar character establish fhe existence of such authority. But it is insisted that although a party may not have a written authority under seal to bind his co-partner by deed, yet, if such co-partner subsequently assent to the contract, he is bound, and that the circumstances enumerated by the court to the jury were competent evidence to prove such subsequent assent. If it were admitted that such subsequent assent would bind a party, still the question whether there was such subsequent assent was not propounded to this jury, nor did they consider of the testimony in reference to such question. It could *119 not therefore be said that they had found the fact that Darden had so assented. They were told that it must be' that Turbeville acted under an authority by deed. This en-quiry was as to the existence of such authority; and they were told they might find, and they did find, from the facts and circumstances enumerated, that such authority did exist. This being illegal the verdict cannot be supported, even though we should think the evidence might have sustained a finding upon the principle which it is insisted on should have been stated by the court, because that principle not having been stated, the evidence was not considered in reference to it.
2. But we cannot adopt the principle contended for by the counsel for the defendant in error. The two cases upon which they rely, (Cody vs. Shepherd, 11 Pick. 400, and Grann vs. Seton and Bunker, 1 Hall’s Rep. 262,) seem to us virtually to have abandoned the doctrine that one partner cannot bind another by deed unless expressly authorized to do so by an instrument of equal dignity. For they hold that a previous parol assent, or a subsequent adoption, will bind the party though no written authority under seal existed. To assume this position in one sentence, and in the next to adopt the doctrine laid down by Lord Kenyon in Harrison vs. Jackson, 7 Term Rep. 207, seems to us contradictory and absurd; for if a previous assent or subsequent parol adoption will do to bind the party, certainly there is no necessity for a written authority under seal to do it.
But upon this question our own court has made two concurrent decisions, which we are not at liberty to disregard. In the case of Nunnely vs. Doherty, 1 Yer. Rep. 26, the court say “that no authority is given a partner by the law merchant to bind his co-partner by deed, nor does the fact that the articles of co-partnership were under seal give him such authority merely from the circumstance of their being sealed; to have this effect a special power or authority must be contained in the articles.” This case was followed by the case of Waugh and Finley vs. Carriger, 1 Yerger, 31, and by many other cases which have not been reported, so that at this time we feel bound by their authority; and although the doctrine is no favorite with us, yet, if we adhere to it at *120 all, we feel bound to maintain it m good faith. Certainly the alarm which Lord Kenyon in Harrison vs. Jackson supposes the mercantile world would feel, however justly it may have been apprehended in England, could not be felt here if it were determined that one partner might bind the other .by a contract for the payment of money though made under seal. But the contrary doctrine is too firmly established to be shaken by the courts, and if changed at all it must be done by the legislature. Reverse the judgment,